# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

CHEER PACK NORTH AMERICA LLC,
a Delaware limited liability company,

      Plaintiff,

Case No. _____

v.

Honorable _____

KSP CO. LTD.,
a Korean company,
d/b/a ASP, INC.,

      Defendant.

---

## COMPLAINT FOR PATENT INFRINGEMENT
## AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, CHEER PACK NORTH AMERICA LLC ("Cheer Pack"), by its attorneys HARNESS, DICKEY & PIERCE, PLC, and for its Complaint against KSP CO. LTD. ("KSP") d/b/a ASP, INC. ("ASP") ("Defendant") states as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under 35 U.S.C. §§ 154(d), 271, 283, 284, and 285.

## THE PARTIES

2.     Cheer Pack is a Delaware limited liability company having a principal place of business at 1 United Drive, West Bridgewater, Massachusetts 02379.

3.     On information and belief, KSP is a Korean company having a principal place of business at KeumKang Penterium IT Tower #1421 Hagui-ro 282, DongAn-Gu, AnYang-City, KyoungGi-Do, South Korea 431-810.

4.     On information and belief, KSP conducts business in the United States as ASP, a division of KSP, having a place of business at 603 Parkcenter Drive, Suite 108, Santa Ana, California, 92705.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Defendant because Defendant has transacted business in Michigan by among other things, their acts of manufacturing, importing, marketing, distributing, providing, licensing, offering for sale, and/or selling spouted pouches with a cap ("Accused Product") in the United States that are used to package food and beverages sold in retail stores throughout the

United States, including retail stores in Michigan located in this judicial district, that Cheer Pack alleges infringe U.S. Patent No. 8,528,757. Defendant has in the past and continues to cause harm to Cheer Pack in Michigan as a result of acts they have and continue to commit both inside and outside of the state of Michigan. *See* Fed. R. Civ. P. 4(h), MCL 600.715(2).

7. Venue over Defendant is proper in this judicial district under 28 U.S.C. §§ 1391(c), 1391(d), and 1400(b).

### FACTUAL BACKGROUND

8. On April 13, 2009, U.S. Patent Application Serial No. 12/422,553 entitled "CAP FOR CONTAINER PROVIDED WITH GUARANTEE SEAL" ("the '553 patent application") was filed with the United States Patent and Trademark Office ("Patent Office") as a continuation of International Patent Application no. PCT/IT2007/000426, filed on June 15, 2007.

9. By way of assignment from the inventors, Guala Pack S.p.A. ("Guala") became the owner of the '553 patent application.

10. On September 10, 2009, the Patent Office published the '553 patent application as U.S. Patent Application Publication No. 2009/0223963 ("the published patent application"). A copy of the published patent application is attached to this Complaint as Exhibit 1.

11. KSP and its customers had notice of the published patent application as early as October 16, 2012.

12. On December 21, 2012, Guala sent a letter via fax and registered mail to KSP's corporate headquarters in South Korea, providing KSP with actual notice and a copy of the published patent application. A copy of the December 21, 2012 letter is attached to this Complaint as Exhibit 2.

13. Guala informed KSP that it recently became aware of KSP's making, using, offering to sell in the United States, selling and/or importing in the United States the Accused Product, including a "Choke Free Cap." Guala informed KSP that two types of the "Choke Free Cap" were covered by the pending claims of the '553 patent application and included in the published patent application.

14. Guala reached the conclusions set forth in the December 12, 2012 letter after studying samples of the Accused Product and leaflet brochures distributed at KSP's booth at the PackExpo International 2012 trade show held in Chicago from October 28-31, 2012. Guala provided KSP with a copy of the leaflet collected during the trade show and photographs of representative samples of the Accused Product. Guala further provided a detailed claim chart showing that independent claim 1 of the '553 patent application covered the Accused product. Guala further informed KSP of its right to collect damages under 35 U.S.C. § 154(d).

15. On January 24, 2013, counsel for KSP (Darrell L. Pogue of Keohane & D'Alessandro, PLLC) responded to Guala's December 12, 2012 letter denying that the KSP product(s) infringe upon Guala's rights, either willfully or unintentionally. A copy of the January 24, 2013 letter is attached to this Complaint as Exhibit 3.

16. On September 10, 2013, the Patent Office issued U.S. Patent No. 8,528,757 entitled "CAP FOR CONTAINER PROVIDED WITH GUARANTEE SEAL" ("the '757 patent"). A copy of the '757 patent is attached to this Complaint as Exhibit 4.

17. The invention as claimed in the '757 patent is substantially identical to the invention as claimed in the published patent application. By way of example, claim 3 of the published patent application directly corresponds to claim 1 of the '757 patent.

18. Cheer Pack is a strategic partnership established in 2008 by Guala and others to develop and support spouted pouch technology in North America.

19. Cheer Pack has become a leading manufacturer of flexible packaging and pouch packaging products in the United States. Cheer Pack has made over one billion pre-made spouted pouches with caps, and is on track to make more than 700 million pre-made spouted pouches with caps this year alone.

20. By way of agreement with Guala, Cheer Pack is the exclusive licensee and holder of all substantial rights of the '757 patent, including the right to seek and obtain all remedies available at law (including money damages) and in equity for any past, present, and future infringement of the '757 patent.

21. Cheer Pack has and continues to give notice to the public that its spouted pouches with caps are patented by marking these products with the '757 patent.

22. Cheer Pack has studied samples of the Accused Product, including samples distributed by KSP at the PackExpo International 2014 trade show held in Chicago from November 2-5, 2014. Cheer Pack has independently concluded that the Accused Product is covered by the claims of the '757 patent.

23. By letter dated December 1, 2014, Cheer Pack provided KSP with notice of infringement of the '757 patent. A copy of the December 1, 2014 letter is attached to this Complaint as Exhibit 5.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,528,757

24. Cheer Pack restates the allegations contained in paragraphs 1-23.

25. On September 10, 2013, the Patent Office duly and lawfully issued the '757 patent. Exhibit 4.

26. Defendant has in the past and is currently directly infringing the '757 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, or

6

importing into the United States without Cheer Pack's authority, the Accused Product that embodies one or more of the '757 patent claims.

27. By way of example and not limitation, Defendant has in the past and is currently making, using, offering for sale and selling the Accused Product that directly infringes at least claim 1 of the '757 patent, among other claims. *See, e.g.,* Exhibit 6. Defendant was given actual notice of infringement of the '757 patent.

28. Defendant has in the past infringed the provisional rights for the published patent application and '757 patent under 35 U.S.C. § 154(d) because Defendant makes, uses, offers for sale, or sells in, or imports into, the United States the invention as claimed in the published patent application. Defendant was given actual notice of the published patent application; and the invention as claimed in the '757 patent is substantially identical to the invention as claimed in the published patent application.

29. Defendant's infringing activities have been willful and deliberate.

30. Defendant's infringing activities have and continue to directly and proximately causing immediate and irreparable injury to Cheer Pack for which Cheer Pack has no adequate remedy at law.

31. Defendant will continue its infringing activities unless enjoined from doing so by the Court.

7

32. Defendant's infringing activities have and continue to directly and proximately cause damages to Cheer Pack.

## **PRAYER FOR RELIEF**

WHEREFORE, Cheer Pack prays that this Court:

A. Enter judgment for Cheer Pack against Defendant declaring that is has willfully infringed U.S. Patent No. 8,528,757;

B. Permanently enjoin and restrain Defendant, its agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with it, from infringing, either directly, by inducement or contribution, U.S. Patent No. 8,528,757;

C. Enter an Order requiring Defendant to file with this Court and to serve upon Cheer Pack or Cheer Pack's counsel, within thirty (30) days after the entry and service of any injunction issued, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

D. Require Defendant to post an appropriate bond and Order any other appropriate relief to assure compliance with any injunctive provision or other provision Ordered by the Court;

E. Enter an Order directing Defendant, its agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with it, to

deliver to this Court or to Cheer Pack for destruction, or show proof of said destruction, of all infringing products;

    F.    Order an equitable accounting to determine the profits of and other sums Defendant has derived from the complained-of patent infringement and other wrongful acts, and that such amount be paid over to Cheer Pack as an equitable remedy;

    G.    Award to Cheer Pack all provisional damages resulting from the Defendant's patent infringement in accordance with 35 U.S.C. § 154(d);

    H.    Award to Cheer Pack all damages resulting from the Defendant's patent infringement and order that said damages be trebled in accordance with 35 U.S.C. § 284;

    I.    Enter judgment declaring that this case is exceptional and that Cheer Pack is entitled to recover its costs and reasonable attorney fees incurred in this action, pursuant to 35 U.S.C. § 285; and

    J.    Enter judgment granting such other and further relief and damages to Cheer Pack as justice and equity may require.

## JURY DEMAND

Cheer Pack North America LLC hereby requests a trial by jury of all issues so triable.

Respectfully submitted,

DATED:  December 2, 2014                By:   s/David P. Utykanski

**HARNESS, DICKEY & PIERCE, PLC**
David P. Utykanski (P47029)
5445 Corporate Drive, Suite 200
Troy, Michigan  48098
(248) 641-1400
(248) 641-0270 (fax)
Email:  davidu@hdp.com

*Attorneys for Plaintiff CHEER PACK NORTH AMERICA LLC*

19090531.1